IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT KANSAS
AT KANSAS CITY

| | | |
|---|---|---|
| DEANNA OAKES AND JINGER BAKER, | ) | |
| | ) | |
| On Behalf of themselves and | ) | |
| All Others Similarly Situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. 19-cv-2527 |
| | ) | |
| THE BIG BISCUIT COMPANY, LLC | ) | |
| | ) | |
| And | ) | |
| | ) | |
| BBR OVERLAND PARK, LLC | ) | |
| d/b/a THE BIG BISCUIT | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

Plaintiff Deana Oakes, Jinger Baker and all other individuals similarly situated collectively set forth their causes of action against The Big Biscuit Company, LLC and BBR Overland Park, LLC (hereinafter collectively referred to as Defendants, or "The Big Biscuit," under § 216(b) of the Fair Labor Standards Act ("FLSA") and the Kansas Wage Payment Act ("KWPA") for violations of the FLSA and KWPA. In support thereof, the Plaintiff asserts and states as follows:

1

**PRELIMINARY STATEMENT**

1. Plaintiff, on behalf of themselves and all others similarly situated, bring this action against Defendants for unpaid minimum wage and overtime compensation, and related penalties and damages.

2. Defendants' policy and practice is to deny minimum wages and overtime pay to servers working at its restaurants. Defendants' failure to pay employees their earned wages and overtime compensation violates the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.;* and the Kansas Wage Payment Act, K.S.A. §44-313, *et. seq*.

3. This lawsuit is brought as a collective action pursuant to 29 U.S.C. § 216(b) of the FLSA and a class action pursuant to Fed. R. Civ. P. 23.

4. Plaintiffs and others similarly situated bring this action against The Big Biscuit, for unpaid wages, and related penalties and damages.

5. Defendants' practices and policies have resulted in Defendants willfully failing to properly pay straight time and overtime due and owing to Plaintiffs and all other similarly situated employees in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

6. Further, Defendants have received the benefits of the work of the Plaintiffs and others similarly situated, and failed to compensate them for the reasonable value of these services.

7. Defendants have claimed the tip credit on the Plaintiffs and other similarly situated employees, despite not actually giving them adequate required notice and/or requiring servers to spend more than 20% of their workday/workweek engaged in non-tip-producing activities. Thus, the Defendants is in violation of the FLSA and its tip credit requirements, and

therefore, haves failed to pay their putative Plaintiffs their due minimum wage and overtime as required by the Act.

8. Defendants have failed to pay wages and overtime to its hourly employees by failing to pay them for all of their compensable time in violation of the FLSA. Plaintiffs and others similarly situated seek compensation for unpaid straight time and overtime premiums for all hours worked, required, suffered, or permitted by the Defendants; compensation for such wages wrongfully withheld; liquidated and/or other damages as permitted by applicable law; and attorneys' fees, costs, and expenses incurred in this action.

## JURISDICTION AND VENUE

9. This Court has original federal question jurisdiction under 28 U.S.C. §§ 1331 and § 1337.

10. In addition, the Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiffs' state law class action claims brought under the laws of Kansas.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), inasmuch as the Defendants conducts business, and has substantial business contacts in Johnson County, Kansas, and because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## PARTIES

12. Plaintiff Oakes is a resident of Clay County, Missouri.

13. Plaintiff Baker is a resident of Wyandotte County, Kansas.

14. At all relevant times, Plaintiffs were employed as servers for Defendants.

15. The Big Biscuit Company, LLC is a corporation organized under the laws of Kansas, with its principal place of business located in the State of Kansas. Upon information and belief, The Big Biscuit Company, LLC owns and operates The Big Biscuit restaurants in Kansas.

16. BBR Overland Park, LLC is a corporation organized under the laws of Kansas, with its principal place of business located in the State of Kansas. Upon information and belief, BBR Overland Park, LLC owns and operates The Big Biscuit restaurants in Kansas.

17. Hereinafter, both BBR Overland Park, LLC and The Big Biscuit Company, LLC will collectively be referred to as The Big Biscuit, unless otherwise delineated.

18. At all times relevant to this action, The Big Biscuit owned and/or operated restaurants called The Big Biscuit that serve breakfast and lunch cuisine to their customers.

19. At all times relevant to this action, Defendants, The Big Biscuit, was authorized to do business and was in fact doing business in the State of Kansas.

20. At all relevant times herein, Defendants operated restaurants in Kansas.

21. At all relevant times, Defendants as the employer of Plaintiffs, and all other similarly situated employees, are thus liable to Plaintiff, and all others similarly situated, as an employer, joint employer, single employer and/or otherwise according to statutory and common law.

**COLLECTIVE AND CLASS ACTION ALLEGATIONS**

22. Plaintiffs brings Count I, the FLSA claim for servers and/or bartenders, as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of themselves and of the following class of persons:

> All The Big Biscuit servers employed by Defendants, within three years from the commencement of this action who have not been paid minimum wage for all hours worked and/or have not been properly paid overtime compensation, at one-and-one-half times the minimum wage, for all work performed in excess of forty hours per week.

4

23. Plaintiffs bring their state law claims in Count II under state law as an opt-out class action, as defined below, pursuant to Fed. R. Civ. P. 23. Plaintiffs, individually, and behalf of others similarly situated, seeks relief on a class basis challenging Defendants' practice of compensating Plaintiffs and others similarly situated. The Rule 23 subclasses are defined as follows:

> All The Big Biscuit servers employed by Defendants within two years of the filing of this action.

24. The class satisfies the numerosity standards in that the class numbers are understood to be over 50 during the statutory period. As a result, joinder of all class members in a single action is impracticable. Class members may be informed of the pendency of this class action through direct and electronic mail as well as notice posted in the restaurant.

25. There are questions of fact and law common to the classes that predominate over any questions affecting individual members. The questions of law and fact common to the class arising from Defendants' actions include, without limitation, the following:

a. Whether all class members were paid based on the "tip credit";

b. Whether Defendants were entitled to take a credit against minimum wages for some or all of the hours worked by the class members from class members' tips;

c. Whether Defendants provided the proper notice to its employees that it intended to take the tip credit;

d. Whether Plaintiffs and other servers spent more than 20% of their time engaged in non-tip-producing activities;

e. Whether Defendants recorded the amount of time spent performing non-tip-producing activities;

  f.  Whether Defendants knew or had reason to know its policies and compensation practices were unlawful, and

  g.  Whether Defendants retained a benefit from such unlawful policies and compensation practices.

  26.  The aforementioned common questions, among others, predominate over any questions affecting individual persons, and a class action is proper as it will achieve and promote consistency, economy, efficiency, fairness, and equity.

  27.  Plaintiffs' claims are typical of those of the Class in that class members have been paid pursuant to the same compensation structure as the Plaintiffs and were subject to the same or similar unlawful practices as the Plaintiffs.

  28.  A class action is the appropriate method for the fair and efficient adjudication of this controversy.  Defendants have acted or refused to act on grounds generally applicable to the class.  The presentation of separate actions by individual class members would create a risk of inconsistent and varying results, risk the establishment of incompatible standards of conduct for Defendants, and/or substantially impair or impede the ability of class members to protect their interests.

  29.  The Plaintiffs are adequate representatives of the class because their interests do not conflict with the interests of the members of the class they seek to represent.  The interests of the members of the class will be fairly and adequately protected by the Plaintiffs acting as Class Representatives and their undersigned counsel, who have experience in employment and class action lawsuits.

  30.  Maintenance of this action as a class action is a fair and efficient method to resolve this controversy.  It would be impracticable and undesirable for each member of the class who

suffered harm to bring a separate action. Furthermore, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a class action can determine the rights of all class members in conformity with the interest of efficiency and judicial economy.

31. The FLSA claim may be pursued by those who opt in to this case, pursuant to 29 U.S.C. § 216(b).

32. Plaintiffs, individually and on behalf of all other similarly situated employees, seek relief on a collective basis challenging Defendants' FLSA violations. The number and identity of other plaintiffs yet to opt in and consent to be party plaintiffs may be determined from the records of Defendants, and potential class members may easily and quickly be notified of the pendency of this action.

33. To the extent required by law, notice will be provided to said individuals via first class mail, email and/or by the use of techniques and a form of notice similar to those customarily used in representative actions.

## COUNT I

### Violation of the Fair Labor Standards Act

**(Brought Against Defendants by Plaintiff Individually and on Behalf of All Others Similarly Situated)**

34. Plaintiffs re-allege the allegations as set forth above.

35. At all times material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq*.

36. The FLSA regulates, among other things, the payment of minimum wage and overtime pay by employers whose employees are engaged in interstate commerce, or engaged in

the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.  29 U.S.C. § 207(a)(1).

37. Defendants are subject to the minimum wage and overtime pay requirements of the FLSA because each is an enterprise engaged in interstate commerce and its employees are engaged in commerce.

38. At all relevant times, Defendants have been, and continue to be "employers" within the meaning of the FLSA, 29 U.S.C. § 203.

39. At all relevant times, Defendants have employed, and/or continue to employ, "employee[s]," including Plaintiffs and all similarly situated employees.

40. At all times relevant herein, Defendants had gross operating revenues in excess of $500,000.00 (Five Hundred Thousand Dollars).

41. Plaintiffs were employed by Defendants. During this time frame, Plaintiffs performed work for Defendants in the position of servers.

42. During the statutory period, Plaintiffs were paid an hourly wage of $2.13 per hour, and received tips.

43. Prior to and during Plaintiffs' employment with Defendants, Defendants employed numerous other servers who had the same job duties and compensation structure as Plaintiffs.

44. Plaintiffs and all similarly situated employees have substantially similar job requirements and pay provisions, and are subject to Defendants' common policy and practice of refusing to correctly pay minimum wages and overtime wages in violation of the FLSA.

45. The FLSA requires employers, such as Defendants, to compensate all non-exempt employees overtime compensation, at a rate of not less than one-and-one-half the minimum wage, for work performed in excess of forty hours in a work week.

46. Plaintiffs and all similarly situated employees are not exempt from the right to receive the Federal minimum wage and overtime pay under the FLSA and are not exempt from the requirement that their employer pay them minimum wage and/or overtime compensation under the FLSA.

47. At all relevant times, Defendants had a policy and practice of failing to properly pay minimum wages because Defendants have violated the rules for using the tip credit, including that it requires servers to spend more than 20 percent of their time engaged in non-tip-producing activities and/or failed to properly inform them of its intent to take a credit against tipped employees' wages.

48. At all relevant times, Defendants also had a policy and practice of failing to properly pay minimum wages because Defendants had a policy and plan of requiring servers to pool their tips with non-tip-earning employees.

49. Defendants' failure to properly compensate Plaintiffs and all others similarly situated under the tip credit rules and overtime rules constitutes a violation of the Fair Labor Standards Act's minimum wage requirements, 29 U.S.C. §§ 201, *et. seq.*

50. Defendants' violation of the FLSA is continual in nature; in that Defendants continue to pay their servers under the same unlawful policies and procedures that are set forth in detail herein.

51. Defendants' conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

52. Defendants have acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiffs and other similarly situated employees are entitled to recover an award of liquidated damages in

an amount equal to the amount of unpaid overtime described pursuant to Section 16(b) of the FLSA, codified at 29 U.S.C. § 216(b). Alternatively, should the Court find Defendants did not act willfully in failing to pay overtime pay, Plaintiffs and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

53. As a result of the aforesaid violations of the FLSA's tip credit and overtime pay provisions, proper minimum wage and overtime compensation has been unlawfully withheld by Defendants from Plaintiffs and all similarly situated employees. Accordingly, Plaintiffs, and all others similarly situated, seek damages in the amount of all respective unpaid minimum wage and overtime, plus liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, costs, and expenses incurred in this action, to be paid as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper,

**WHEREFORE**, Plaintiffs and all similarly situated employees demand judgment against Defendants and pray this Court:

a. Issue notice to all similarly situated employees of Defendants informing them of their right to file consents to join the FLSA portion of this action:

b. Award Plaintiffs and all similarly situated employees compensatory and liquidated damages under 29 U.S.C. § 216(b);

c. Award Plaintiffs, and all similarly situated employees, pre-judgment and post-judgment interest as provided by law;

d. Award Plaintiffs and all similarly situated employees' attorneys' fees and costs as allowed by Section 216(b) of the FLSA;

e. Issue a declaration that Defendants have violated state and federal law; and

  f. Award Plaintiffs and all similarly situated employees such other relief as the Court deems fair and equitable.

## COUNT II

### Quantum Meruit/Unjust Enrichment

54. Plaintiffs reallege and incorporate by reference each and every allegation and averment as though fully set forth herein.

55. Defendants has been and is being enriched by making deficient payments for work performed by Plaintiffs and other similarly situated employees.  Defendants have been and are being enriched at the expense of Plaintiffs and other similarly situated employees because Plaintiffs and others were not properly compensated for their work.

56. Defendants intentionally refused to pay Plaintiffs and other similarly situated employees at the proper rate for all hours worked.  Defendants know or should know the proper rate of pay for Plaintiffs and other similarly situated employees.  Such wrongful conduct demonstrates bad faith on the part of Defendants.

57. It is unjust for Defendants to retain the benefits from the unpaid work performed by Plaintiffs and other similarly situated employees.

**WHEREFORE**, Plaintiffs, on behalf of themselves and all proposed class members, praysfor relief as follows:

  a. Designation of this action as an action on behalf of the proposed putative class members and prompt issuance of notice to all putative class members, apprising them of the pendency of this action;

  b. Designation of Plaintiffs Oakes and Baker as Representative Plaintiffs, acting for and on behalf of the putative class members;

11

c. A declaratory judgment that the practices complained of herein are unlawful and an injunction against the same;

d. An award of restitution of the full amount of the wage rate and an additional equal amount as penalties, less the amounts actually paid to the Plaintiffs and the putative class by the Defendants;

f. Costs and expenses of this action incurred herein;

g. Reasonable attorneys' fees and expert fees, as permitted;

h. Pre-Judgment and Post-Judgment interest, as provided by law; and

i. Any and all such other and further relief as this Court deems necessary, just and proper.

## Designation of Place of Trial

Plaintiffs hereby designate the place of trial to be the United States District Court for the District of Kansas at Kansas City.

Respectfully submitted,

THE HODGSON LAW FIRM, LLC

/s/ *Michael Hodgson*
Michael Hodgson KS Bar No. 21331
3609 SW Pryor Rd.
Lee's Summit, Missouri 64082
mike@thehodgsonlawfirm.com
(p) 816.600.0117
(f) 816.600.0137