UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| Deanna Oakes and Jinger Baker, on behalf of themselves and all others similarly situated, | |
| Plaintiffs, | |
| v. | Case No. 22-cv-02395 |
| The Big Biscuit Company, LLC and BBR Overland Park, LLC d/b/a The Big Biscuit | |
| Defendant. | |

**DEFENDANTS' PARTIAL MOTION TO DISMISS COUNT II OF THE COMPLAINT AND INCORPORATED MEMORANDUM IN SUPPORT**

Defendants The Big Biscuit Company, LLC and BBR Overland Park, LLC d/b/a The Big Biscuit[1] move, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss Count II for unjust enrichment and quantum meruit. (Doc. 1). Count II must be dismissed because Plaintiff does not assert relief beyond what the Fair Labor Standards Act ("FLSA") can provide.

**I.     STATEMENT OF FACTS**

The Complaint is unusually light on actual factual allegations. However, at its core, Plaintiffs Deanna Oakes and Jinger Baker are simply claiming that they were paid less than the FLSA-prescribed minimum wage[2] applicable to their positions as servers at the Big Biscuit restaurants.

The Complaint alleges[3]:

---

[1] Plaintiffs have incorrectly identified Plaintiffs' employer(s) as "The Big Biscuit Company, LLC and BBR Overland Park, LLC d/b/a Big Biscuit in the Complaint. For purposes of this motion to dismiss, Defendants move on behalf of themselves and BBR Shawnee, LLC, which is the Plaintiffs' employer.

[2] Plaintiffs also mention that they are pursuing an overtime claim under the FLSA. However, they do not allege that they ever actually worked overtime.

[3] Defendants do not concede these facts. However, they are treated as true for the purposes of this Motion.

- Plaintiffs Deanna Oakes and Jinger Baker were servers at The Big Biscuit restaurants. (Doc. 1 ¶ 14-15.)

- The Big Biscuit restaurants are owned and operated by Defendants The Big Biscuit Company, LLC and BBR Overland Park, LLC. (*Id.* ¶¶ 15-16.)

- Plaintiffs were paid an hourly wage of $2.13 per hour, and received tips. (*Id.* ¶ 42.)

- Defendants violated the rules for claiming a "tip credit" under the Fair Labor Standards Act because they required Oakes and Baker to (a) spend more than 20 percent of their time engaged in non-tip producing activities, and (b) pool their tips with non-tip-earning employees. (*Id.* ¶ 47.)

- Accordingly, they were not paid the applicable minimum wage under the Fair Labor Standards Act. (*Id.* 49.)

Based on this, Plaintiffs purport to bring a minimum wage cause of action under the FLSA. They claim that they are owed the FLSA's minimum wage of $7.25 per hour, and that Defendants cannot use the "tip credit" to pay $2.13 per hour. Relatedly, they claim that they would be entitled to overtime premiums under the FLSA, if applicable — although they do not allege that they actually ever worked overtime.

In Count II ("Quantum Meruit/Unjust Enrichment"), Plaintiffs allege that Defendants were "enriched by making deficient payments," and that Defendants "refused to pay" Oakes and Baker at the "proper rate." (Doc. 1 ¶ 56.) However, the only "deficiency" or "improper rate" ever mentioned in the Complaint is the alleged failure to pay the FLSA's minimum wage and overtime premiums.

## II.     ARGUMENT

Under Federal Rule of Civil Procedure 12(b)(6), a claim is subject to dismissal if it fails to state a claim upon which relief can be granted. As a corollary, where a plaintiff has adequate remedies at laws, a claim for equitable relief (such as quantum meruit or unjust enrichment) is subject to dismissal. *See McFarland v. Statford Commons Rehabilitation & Health Care Ctr.,*

*LLC*, No. 17-cv-2204-CM, 2017 WL 4776960 (D. Kan. Oct. 20, 2017) ("Plaintiff has not pled any facts in regard to her quantum meruit claim that would entitle her to additional relief beyond what is available in the FLSA and KWPA. Because plaintiff has adequate remedies at law, she is not entitled to equitable relief.")

A quantum meruit or unjust enrichment claim, like the one alleged by Plaintiffs, would be permitted only when the claim seeks "something more than what the FLSA can provide -- such as regular wages not paid at the contracted rate or 'gap time' wages." *See Tommey v. Computer Scis. Corp.*, No. 11-cv-2214-EFM-GLR, 2013 WL 1000659, at *2 (D. Kan, Mar. 13, 2013). This is not a gap time or contract case. Rather, it is purely about the minimum wage and overtime prescribed by the Fair Labor Standards Act. Specifically, Plaintiffs claim that they were not paid at the "proper rate"— a claim that is no different than their FLSA claim that they were paid less than the minimum wage or an FLSA-mandated overtime rate.

Because Plaintiffs have not sought any type of recovery in Count II that is not available under the Fair Labor Standards Act, Plaintiffs have an adequate remedy at law (under the FLSA) and therefore are unable to maintain a quantum meruit or unjust enrichment claim—equitable doctrines that are not available as forms of recovery if Plaintiff has an adequate remedy at law. *Pierce v. PrimeRevenue, Inc.*, No. 17-2233-JTM, 2017 WL 4552136, at *3 (D. Kan. Oct. 12, 2017).

## III.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that Count II of the Complaint be dismissed in its entirety.

89824557v.5

DATED: December 9, 2022       Respectfully submitted,

       */s/ Michael L. Blumenthal*
       Michael L. Blumenthal, KS Bar #18582
       SEYFERTH BLUMENTHAL & HARRIS LLC
       4801 Main Street, Suite 310
       Kansas City, MO 64112
       Telephone:   (816) 756-0700
       Facsimile:   (816) 756-3700
       Email:      mike@sbhlaw.com

       James J. Swartz (pro hac vice forthcoming)
       Alexander Simon (pro hac vice forthcoming)
       Ariel D. Fenster (pro hac vice forthcoming)
       SEYFARTH SHAW LLP
       1075 Peachtree Street, N.E. Suite 2500
       Atlanta, GA 30309
       Telephone:   404-888-1500
       Facsimile:   404-724-1575
       Email:      jswartz@seyfarth.com
                 asimon@seyfarth.com

       Attorneys for Defendant

## CERTIFICATE OF SERVICE

I do hereby certify that on December 9, 2022, I caused the foregoing **DEFENDANT'S PARTIAL MOTION TO DISMISS** to be filed using the Court's CM/ECF method and caused all counsel of record to be served:

    Michael Hodgson
    The Hodgson Law Firm
    3609 SW Pryor Rd
    Lee's Summit, Missouri 64082

    Counsel for Plaintiffs

       By:  */s/ Michael L. Blumenthal*
       Attorney for Defendants

- 4 -

89824557v.5