**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT KANSAS**
**AT KANSAS CITY**

| | | |
|---|---|---|
| DEANNA OAKES AND JINGER BAKER, | ) | |
| | ) | |
| On Behalf of themselves and | ) | |
| All Others Similarly Situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. 22-cv-2395 |
| | ) | |
| THE BIG BISCUIT COMPANY, LLC | ) | |
| | ) | |
| And | ) | |
| | ) | |
| BBR OVERLAND PARK, LLC | ) | |
| d/b/a THE BIG BISCUIT | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' SECOND MOTION FOR LEAVE TO AMEND COMPLAINT TO**
**ADD PARTIES AND MEMORANDUM IN SUPPORT**

Plaintiffs Deanna Oakes and Jinger Baker hereby move this Court, pursuant to Rules 15(a)(2) and 20(a)(2) of the Federal Rules of Civil Procedure and Local Rule 15.1(a), for leave to amend their Complaint to add parties. In support of her motion, Plaintiffs state as follows:

1. Plaintiffs filed their Complaint against Defendants The Big Biscuit Company, LLC and BBR Overland Park, LLC as a collective action on behalf of themselves and similarly situated servers at Defendant's approximately 25 Big Biscuit restaurants for failure to pay

minimum wage under the Fair Labor Standards Act ("FLSA"). Doc. 1.

2. In lieu of answering Plaintiffs' complaint, Defendants filed a Motion to Dismiss, alleging that BBR Shawnee was the correct employer.

3. After reviewing Defendant's answer and investigating its ownership and operations, Plaintiffs have discovered that additional entities have collectively owned and operated the chain of approximately 25 stores referenced in their Complaint, and therefore such entities are jointly and severally liable as they constitute a "single integrated enterprise" and/or joint employers. *See, e.g., Avington v. Metro. Tusla Urban League,* 603 Fed. Appx. 662, 663 (10th Cir. 2015) (explaining "single employer" liability); *Bristol v. Bd. of Cnty. Comm'rs.,* 312 F.3d 1213, 1218-19 (10th Cir. 2002) (explaining "joint employer" liability); *Creech v. P.J. Wichita, L.L.C.,* No. 16-2312-JAR-GEB, 2016 U.S. Dist. LEXIS 122027, at *4 (D. Kan. Sep. 8, 2016).

4. Fed. R. Civ. P. 15(a), which governs amended pleadings, provides that "the court should freely give leave when justice so requires."

5. The proposed Defendant entities can be added because a right to relief may be asserted against them jointly, severally or in the alternative with respect to, or arising out of, the same transactions, occurrences, or series of transactions and occurrences and questions of law and fact common to the current Defendant and all proposed Defendants will arise in this action.

6. Plaintiffs do not intend to add any new claims at this time. They simply wish to add the additional entities and individuals to her FLSA claim and allege they constitute

a single integrated enterprise, joint employers and individuals liable under the law.

7.    Adding the additional entities and individuals does not prejudice Defendants or any party in any way. They are all familiar with this case and its allegations as they have collectively owned and operated restaurants. Moreover, the claim was recently filed, there has been no Rule 16 conference or discovery to date, and no deadline for amending pleadings or adding parties has been set.

8.    Additionally, the proposed amended complaint drops claims under common law for quantum meruit and unjust enrichment, thereby mooting Defendants' current Motion to Dismiss (ECF Doc. No. 10).

9.    Justice requires that Plaintiffs should be granted leave to amend their Complaint and add the additional entities and individuals. No unfair prejudice or surprise exists under the circumstances.

10.    Plaintiffs' counsel inquired with Counsel for the Defendant to determine whether Defendant opposed Plaintiff's proposed amendment. Defense counsel indicated that Defendant does not oppose the instant motion, but reserves the right to answer or otherwise respond to the proposed Amended Complaint.

11.    A copy of the proposed Amended Complaint is attached, along with a redline version that demonstrates the differences between Plaintiffs' original complaint and the current proposed amended complaint.

WHEREFORE, for all these reasons, Plaintiffs respectfully request that the Court enter

an Order granting her leave to amend their Complaint and add the additional entities and

individuals.

Dated:        January 17, 2023              Respectfully submitted,

                                            **THE HODGSON LAW FIRM, LLC**
                                            /s/ Michael Hodgson
                                            Michael Hodgson KS Bar No. 21331
                                            3609 SW Pryor Rd.
                                            Lee's Summit, Missouri 64082
                                            mike@thehodgsonlawfirm.com
                                            (p) 816.600.0117
                                            (f) 816.600.0137


                                            **ATTORNEYS FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the above-document was distributed via the ECF

electronic filing system to all parties of record on this Wednesday, January 17, 2023.

*/s/ Michael Hodgson*