# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS
## AT KANSAS CITY

DEANNA OAKES and JINGER BAKER, on behalf of themselves and all others similarly situated,

        Plaintiffs,

    v.

27 BISCUITS, LLC,
CCO, LLC,

And

BBR BARRY ROAD, LLC,
BBR BRENTWOOD SOUTH, LLC,
BBR CORPORATE WOODS, LLC,
BBR GLADSTONE, LLC,
BBR KICKAPOO CORNERS, LLC,
BBR LAWRENCE, LLC,
BBR LENEXA, LLC,
BBR LIBERTY, LLC,
BBR MISSION, LLC,
BBR OVERLAND PARK, LLC,
BBR PRAIRIE VILLAGE, LLC,
BBR RAYMORE, LLC,
BBR SANTE [SIC] FE SQUARE, LLC,
BBR SHAWNEE, LLC,
BBR ST. JOSEPH, LLC,
BBR TODD GEORGE RD, LLC,
BBR TOPEKA, LLC,
BBR WESTPORT, LLC,

Defendants.

Case No. 2:22-cv-02395-JAR-TJJ

## DEFENDANTS' ANSWER TO AMENDED COMPLAINT

Defendants file this Answer and Statement of Defenses to the Amended Complaint filed against them by Plaintiffs DEANNA OAKES and JINGER BAKER and state as follow:

1.

Defendants admit that Plaintiffs purport to bring this case on behalf of themselves and others for unpaid minimum wage and overtime compensation, and related penalties and damages. Defendants expressly deny that this case is properly brought as a collective action, deny that Plaintiffs are owed any unpaid wages, deny that any servers are similarly situated to Plaintiffs, and deny that any such persons are owed any unpaid wages.  Except as expressly admitted herein, Defendants deny the allegations set forth in Paragraph 1.

2.

Defendants deny the allegations set forth in Paragraph 2.

3.

Defendants admit that Plaintiffs purport to bring this case on behalf of themselves and others for unpaid minimum wage and overtime compensation, and related penalties and damages. Defendants expressly deny that this case is properly brought as a collective action under the FLSA. Except as expressly admitted herein, Defendants deny the allegations set forth in Paragraph 3.

4.

Defendants admit that Plaintiffs purport to bring this case on behalf of themselves and others for unpaid minimum wage and overtime compensation, and related penalties and damages. Defendants expressly deny that this case is properly brought as a collective action, deny that Plaintiffs are owed any unpaid wages, deny that any servers are similarly situated to Plaintiffs, and deny that any such persons are owed any unpaid wages.  Except as expressly admitted herein, Defendants deny the allegations set forth in Paragraph 4.

- 2 -

5.

Defendants deny the allegations set forth in Paragraph 5.

6.

Defendants deny the allegations set forth in Paragraph 6.

7.

Defendants deny the allegation set forth in Paragraph 7.

8.

Defendants admit that Plaintiffs purport to bring this case on behalf of themselves and others for unpaid minimum wage and overtime compensation, and related penalties and damages. Defendants expressly deny that this case is properly brought as a collective action, deny that Plaintiffs are owed any unpaid wages, deny that any servers are similarly situated to Plaintiffs, and deny that any such persons are owed any unpaid wages. Except as expressly admitted herein, Defendants deny the allegations set forth in Paragraph 8.

## JURISDICTION AND VENUE

9.

Defendants admit the allegation set forth in Paragraph 9.

10.

Defendant admit the allegations set forth in Paragraph 10.

## PARTIES

11.

Upon information and belief, Defendants admit the allegations set forth in Paragraph 11.

12.

Upon information and belief, Defendants admit the allegations set forth in Paragraph 12.

- 3 -

91856518v.3

13.

Defendants admit that Plaintiffs Oakes and Baker work or worked for Defendant BBR Shawnee, LLC. Except as expressly admitted herein, Defendants deny the remaining allegations set forth in Paragraph 13.

14.

Defendants deny the allegations set forth in Paragraph 14.

15.

Defendants admit that BBR Corporate Woods, LLC; BBR Lawrence, LLC; BBR Lenexa, LLC; BBR Mission, LLC; BBR Overland Park, LLC; BBR Prairie Village, LLC; BBR Shawnee, LLC; BBR Topeka, LLC; and BBR Westport, LLC, are limited liability companies organized under the laws of Kansas, with its principal place of business located in the State of Kansas. Except as expressly admitted herein, Defendants deny the remaining allegations set forth in Paragraph 15.

16.

Defendants admit that BBR Barry Road, LLC; BBR Brentwood South, LLC; BBR Gladstone, LLC; BBR Kickapoo Corners, LLC; BBR Liberty, LLC; BBR Raymore, LLC; BBR St. Joseph, LLC; and BBR Todd George Rd, LLC, are limited liability companies organized under the laws of Missouri, with its principal place of business located in the State of Kansas. Except as expressly admitted herein, Defendants deny the remaining allegation set forth in Paragraph 16.

17.

Defendants deny that BBR Santa Fe Square, LLC (incorrectly identified as "BBR Sante Fe, LLC") is a limited liability company organized under the law of Oklahoma, with its principal place of business located in the State of Kansas. Except as expressly admitted herein, Defendants deny the remaining allegations set forth in Paragraph 17.

- 4 -

18.

Paragraph 18 is a conclusory statement to which no response is required.  If a response is required, Defendants deny the allegations set forth in Paragraph 18.

19.

Defendants deny the allegations set forth in Paragraph 19.

20.

Defendants deny the allegations set forth in Paragraph 20.

21.

Defendants deny the allegations set forth in Paragraph 21.

22.

Defendants deny the allegations set forth in Paragraph 22.

23.

Defendants deny the allegations set forth in Paragraph 23.

24.

Defendants deny the allegations set forth in Paragraph 24.

25.

Defendants deny the allegations set forth in Paragraph 25.

26.

Defendants deny the allegations set forth in Paragraph 26.

**COLLECTIVE ACTION ALLEGATIONS**

27.

Defendants admit that Plaintiffs seek to bring Count I as an "opt-in" collective action under the Fair Labor Standards Act.  Defendants expressly deny that Plaintiffs are entitled to relief on a

- 5 -

collective basis or that certification of the alleged collective action is appropriate or permitted by law.  Except as expressly admitted herein, Defendants deny the allegations set forth in Paragraph 27.

28.

The sentence in Paragraph 28 is a statement of law to which no response is required under the Federal Rules of Civil Procedure.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 28.

29.

The first sentence in Paragraph 29 is a statement of law to which no response is required under the Federal Rules of Civil Procedure.  To the extent a response is required, Defendants deny the allegations set forth in the first sentence of Paragraph 29. Defendants deny any and all remaining allegations set forth in Paragraph 29.

30.

Defendants deny that notice is appropriate in this case and deny any remaining allegations set forth in Paragraph 30.

<strong>COUNT I</strong>

<strong>Violation of the Fair Labor Standards Act</strong>

<strong>(Brought Against Defendants by Plaintiff [SIC] Individually<br>and on Behalf of All Others Similarly Situated)</strong>

31.

Defendants adopt and incorporate by reference herein its responses to Paragraphs 1 through 30.

91856518v.3

32.

The sentence in Paragraph 32 is a statement of law to which no response is required under the Federal Rules of Civil Procedure. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 32.

33.

The sentence in Paragraph 33 is a statement of law to which no response is required under the Federal Rules of Civil Procedure. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 33.

34.

Defendants admit that BBR Corporate Woods, LLC; BBR Lawrence, LLC; BBR Lenexa, LLC; BBR Mission, LLC; BBR Overland Park, LLC; BBR Prairie Village, LLC; BBR Shawnee, LLC; BBR Topeka, LLC; and BBR Westport, LLC; BBR Barry Road, LLC; BBR Brentwood South, LLC; BBR Gladstone, LLC; BBR Kickapoo Corners, LLC; BBR Liberty, LLC; BBR Raymore, LLC; BBR St. Joseph, LLC; and BBR Todd George Rd, LLC; BBR Santa Fe Square, LLC are subject to the FLSA. Except as expressly admitted herein, Defendants deny the remaining allegations set forth in Paragraph 34.

35.

Defendants admit that BBR Corporate Woods, LLC; BBR Lawrence, LLC; BBR Lenexa, LLC; BBR Mission, LLC; BBR Overland Park, LLC; BBR Prairie Village, LLC; BBR Shawnee, LLC; BBR Topeka, LLC; and BBR Westport, LLC; BBR Barry Road, LLC; BBR Brentwood South, LLC; BBR Gladstone, LLC; BBR Kickapoo Corners, LLC; BBR Liberty, LLC; BBR Raymore, LLC; BBR St. Joseph, LLC; and BBR Todd George Rd, LLC; BBR Santa Fe Square, LLC are employers within the meaning of the FLSA. Except as expressly admitted herein, Defendants deny the remaining allegations set forth in Paragraph 35.

36.

Defendants admit that BBR Shawnee, LLC employ or employed the Named Plaintiffs, Deanna Oakes and Jinger Baker. Except as expressly admitted herein, Defendants deny the remaining allegations set forth in Paragraph 36.

37.

Defendants deny the allegations set forth in Paragraph 37.

38.

Defendants admit that BBR Shawnee, LLC employ or employed Named Plaintiffs Baker and Oakes. Defendants deny the remaining allegations set forth in Paragraph 38.

39.

Defendants admit the allegations set forth in Paragraph 39.

40.

Defendants deny the allegations set forth in Paragraph 40.

41.

Defendants deny the allegations set forth in Paragraph 41.

42.

The sentence in Paragraph 42 is a statement of law to which no response is required under the Federal Rules of Civil Procedure. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 42.

43.

Defendants deny the remaining allegations in Paragraph 43.

44.

Defendants deny the allegations set forth in Paragraph 44.

91856518v.3

45.

Defendants deny the allegations set forth in Paragraph 45.

46.

Defendants deny the allegations set forth in Paragraph 46.

47.

Defendants deny the allegations set forth in Paragraph 47.

48.

Defendants deny the allegations set forth in Paragraph 48.

49.

Defendants deny the allegations set forth in Paragraph 49.

50.

Defendants admit that Plaintiffs, on behalf of all others similarly situated, seek damages, interest, fees, costs, and expenses, but deny that Plaintiffs are entitled to any such relief.  Except as expressly admitted herein, Defendants deny the remaining allegations set forth in Paragraph 50.

Defendants deny the allegations and requested relief set forth in the unnumbered "WHEREFORE" paragraph immediately following Paragraph 50 of the Complaint, subparts (a) through (f) inclusive, and deny that Plaintiffs are entitled to any relief whatsoever.

## GENERAL DENIAL

Defendants deny each and every allegation in the Amended Complaint not expressly admitted herein.

WHEREFORE, having answered and responded to the allegations in the Amended Complaint, Defendants respectfully requests that:

1.     Plaintiffs' claims be dismissed with prejudice in their entirety;

2.     Each and every prayer for relief contained in the Amended Complaint be denied;

3.      Judgment be entered in favor of Defendants;

4.      All costs, including reasonable attorneys' fees, be awarded to Defendants s and against Plaintiffs pursuant to applicable laws; and

5.      Defendants have such other and further relief as this Court may deem just and proper.

## DEFENSES

### FIRST DEFENSE

Some or all of the claims asserted in the Amended Complaint fail to state a claim upon which relief can be granted.

### SECOND DEFENSE

Some or all of the claims asserted in the Amended Complaint are barred by the applicable statute of limitations.

### THIRD DEFENSE

The certification and/or trial of this case as a collective action would violate Defendants' rights under the Fifth and Seventh Amendments to the United States Constitution.

### FOURTH DEFENSE

Notice to the alleged collective group as defined by Plaintiffs, the existence of which is expressly denied, would be a violation of Defendants' due process rights.

### FIFTH DEFENSE

Plaintiff cannot satisfy the requirements for certification of a collective action under 29 U.S.C. § 216(b).

## SIXTH DEFENSE

Plaintiffs and/or some or all of the members of the alleged group as defined by Plaintiffs, the existence of which is expressly denied, have failed to comply with their legal duty to mitigate their claimed damages, their entitlement thereto being expressly denied.

## SEVENTH DEFENSE

With respect to some or all claims alleged by Plaintiffs and/or members of the putative collective, any act(s) and/or omissions(s) which may be found to be in violation of applicable law were not willful, malicious, intentional, or reckless, but occurred in good faith and were based upon reasonable grounds that they were not violations of the Fair Labor Standards Act.

## EIGHTH DEFENSE

Some or all of the claims for damages or relief are barred because such damages or relief are speculative, not available under applicable law, or exceed relief available under applicable law.

## NINTH DEFENSE

Some or all of the claims asserted in the Amended Complaint are barred because all acts and omissions of Defendants, their agents, and their employees were in good faith conformity with and reliance on the written administrative regulations, orders, rulings, approvals and/or interpretations of the Wage and Hour Division of the United States Department of Labor.

## TENTH DEFENSE

Some or all of the claims asserted in the Amended Complaint are barred by the equitable doctrines of laches, estoppel, ratification, and/or unclean hands.

## ELEVENTH DEFENSE

The Amended Complaint is barred, in whole or in part, because some or all of the time for which compensation is sought is *de minimis* and therefore not compensable.

91856518v.3

**TWELFTH DEFENSE**

Plaintiffs and/or members of the alleged collective they purport to represent, the existence of which is expressly denied, are not entitled to some or all of the relief requested in the Amended Complaint because, even if any unlawful act or omission occurred, which Defendants expressly deny, Defendants cannot be held vicariously liable for alleged misconduct that is contrary to Defendants' express policies, procedures, and good faith efforts to comply with applicable laws and/or regulations.

**THIRTEENTH DEFENSE**

Plaintiffs lack standing to raise some or all of the claims asserted and/or the relief sought in the Amended Complaint.

**FOURTEENTH DEFENSE**

Some or all of the claims asserted in the Amended Complaint are barred under the doctrine of election of remedies.

**FIFTEENTH DEFENSE**

Some of the claims for damages asserted in the Amended Complaint may be subject to setoff, offset, and/or recoupment.

**SIXTEENTH DEFENSE**

Some or all of Defendants were not the employer, as that term is defined by the Fair Labor Standards Act, as applicable, to any alleged group of "similarly situated" individuals as defined by Plaintiffs, the existence of which is expressly deny, and is not a proper party to this lawsuit.

**SEVENTEENTH DEFENSE**

Neither Plaintiffs nor members of the alleged collective they purport to represent, the existence of which is expressly denied, may recover liquidated damages, because Defendants acted in good faith at all times, because neither Defendants nor any of its officers, directors, managers,

or agents committed any oppressive, willful, wanton, fraudulent, outrageous, or malicious act or authorized or ratified any such act with respect to Plaintiffs or any alleged member of the putative collective, and/or because Plaintiffs have failed to plead facts sufficient to support recovery of such damages.

## EIGHTEENTH DEFENSE

Defendants reserve the right to assert, plead, and rely on all proper defenses lawfully available, including those which may be disclosed or discovered through discovery or further assertions by Plaintiffs or persons in the alleged groups as defined by Plaintiffs.

Dated: February 10, 2023

*/s/ Michael L. Blumenthal*
Michael L. Blumenthal, MO Bar #49153
SEYFERTH BLUMENTHAL & HARRIS LLC
4801 Main Street, Suite 310
Kansas City, MO 64112
Telephone:   (816) 756-0700
Facsimile:   (816) 756-3700
Email:       mike@sbhlaw.com

James J. Swartz (admitted pro hac vice)
Alexander Simon (admitted pro hac vice)
Ariel D. Fenster (admitted pro hac vice)
SEYFARTH SHAW LLP
1075 Peachtree Street, N.E. Suite 2500
Atlanta, GA 30309
Telephone:   404-888-1500
Facsimile:   404-724-1575
Email:       jswartz@seyfarth.com
             asimon@seyfarth.com
             afenster@seyfarth.com

Attorneys for Defendants

- 13 -

91856518v.3

<u>**CERTIFICATE OF SERVICE**</u>

I do hereby certify that on February 10, 2023, I caused the foregoing **DEFENDANTS'**

**ANSWER TO AMENDED COMPLAINT** to be filed using the Court's CM/ECF method and

caused all counsel of record to be served:

> Michael Hodgson
> The Hodgson Law Firm
> 3609 SW Pryor Rd
> Lee's Summit, Missouri 64082

> *Counsel for Plaintiffs*

By: */s/ Michael L. Blumenthal*

91856518v.3