IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DEANNA OAKES and JINGER BAKER, on behalf of themselves and all others similarly situated, | |
| Plaintiffs, | Case No. 22-2395-JAR-TJJ |
| v. | |
| 27 BISCUITS, LLC, et al., | |
| Defendants. | |

## MEMORANDUM AND ORDER

Plaintiffs Deanna Oakes and Jinger Baker, on behalf of themselves and others similarly situated, bring this action against Defendants 27 Biscuits, LLC; CCO, LLC; and several related companies (collectively, "Defendants" or "Big Biscuit"), asserting violations of the Fair Labor Standards Act ("FLSA").[1]  Before the Court is the parties' Joint Motion for Approval of Settlement Agreements (Doc. 54).  For the reasons stated below, the Court denies the motion without prejudice.

## I.      Legal Standard

The FLSA allows an employee to bring a collective action on the employee's behalf and on behalf of "other employees similarly situated."[2]  However, "[a] lawsuit brought under the FLSA does not become a 'collective' action unless other plaintiffs opt in by giving written

---

[1] 29 U.S.C. §§ 201–219.

[2] 29 U.S.C. § 216(b); *see also Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 69 (2013).

consent."[3]  To opt in, an individual must give consent in writing.[4]  "When putative class

members have not yet received notice of the lawsuit and an opportunity to opt in, the Court

cannot sustain a motion for final settlement approval."[5]  This is because, "[u]ntil such consent is

given, 'no person will be bound by or may benefit from judgment.'"[6]  In addition, "'[i]n the

absence of any claimant's opting in,' an FLSA lawsuit becomes moot when an individual's claim

is satisfied because the plaintiff 'lack[s] any personal interest in representing others in this

action.'"[7]

If the parties settle an FLSA collective action, the settlement must be presented to the

Court for review and determination of whether it is fair and reasonable.[8]  To approve an FLSA

settlement, "the Court must find that the litigation involves a bona fide dispute and that the

proposed settlement is fair and equitable to all parties concerned."[9]  "The Court may enter a

stipulated judgment only after scrutinizing the settlement for fairness."[10]  The settlement

agreement must also contain an award of attorneys' fees.[11]  Furthermore, when parties settle

---

[3] *Christeson v. Amazon.com.ksdc, LLC*, No. CV 18-2043-KHV, 2019 WL 354956, at *3  (D. Kan. Jan. 29, 2019) (citing *Shepheard v. Aramark Uniform & Career Apparel, LLC*, No. 15-7823-DDC, 2016 WL 5817074, at *1 (D. Kan. Oct. 5, 2016)).

[4] *Shepheard*, 2016 WL 5817074, at *1.

[5] *Christeson*, 2019 WL 354956, at *4 (citation omitted).

[6] *Shepheard*, 2016 WL 5817074, at *1 (citing *Cameron-Grant v. Maxim Healthcare Servs., Inc.*, 347 F.3d 1240, 1249 (11th Cir. 2003)).

[7] *Id.* at *2 (alteration in original) (quoting *Genesis Healthcare Corp.*, 569 U.S. at 73).

[8] *See Peterson v. Mortg. Sources, Corp.*, No. 08-2660-KHV, 2011 WL 3793963, at *4 (D. Kan. Aug. 25, 2011) (citing *Lynn's Food Stores, Inc., v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982)).

[9] *Id.* (citations omitted).

[10] Id.

[11] *Id.*; *see* 29 U.S.C. § 216(b).

FLSA claims before the Court has made a final certification ruling, the Court must make some final class certification finding before it can approve a collective action settlement.[12]

## II.      Factual Background

Plaintiffs Deanna Oakes and Jinger Baker claim Defendants violated the FLSA in the operation and utilization of the "tip credit,"[13] and therefore failed to pay Plaintiffs minimum wage and overtime.  Specifically, Plaintiffs allege in the First Amended Complaint that Defendants claimed the tip credit on Plaintiffs and other similarly-situated employees, without actually giving them adequate required notice and/or requiring servers to spend more than 20% of their workday/workweek engaged in non-tip-producing activities.

The First Amended Complaint states that the lawsuit is brought as a collective action under 29 U.S.C. § 216(b) because Defendants' practices and policies constitute willful failure to properly pay straight time and overtime due and owing to Plaintiffs and all other similarly-situated employees, in violation of the FLSA's minimum wage and overtime requirements. Specifically, Plaintiffs define the proposed collective in the First Amended Complaint as:

> All The [sic] Big Biscuit servers employed by Defendants, within three years from the commencement of this action who have not been paid minimum wage for all hours worked and/or have not been properly paid overtime compensation, at one-and-one-half times the minimum wage, for all work performed in excess of forty hours per week.[14]

---

[12] *McCaffrey v. Mortg. Sources, Corp.*, No. 08-2660-KHV, 2011 WL 32436, at *3 (D. Kan. Jan. 5, 2011) (citation omitted).

[13] A "tip credit" is where an employer pays a tipped employee an hourly wage lower than the federal minimum wage, and makes up the difference with the tips earned by the employee.  29 U.S.C. § 203(m)(2)(A); *see also Romero v. Top-Tier Colo. LLC*, 849 F.3d 1281, 1282–83 (10th Cir. 2017).

[14] Doc. 28 ¶ 27.

After Plaintiffs filed their Complaint on October 3, 2022, but before they filed their First

Amended Complaint on February 6, 2023, four individuals filed Notices of Consent to Join:

Taylor McCarthy, Desiree Helton, Andrea L. Rodriguez, and Tricia Wenzl.[15]

Soon after Defendants filed their Answer on February 10, 2023, Magistrate Judge James

issued a Phase I Scheduling Order, setting forth discovery and briefing deadlines associated with

Plaintiffs' anticipated motion for conditional certification.[16]  Plaintiffs' motion for conditional

certification was due on July 24, 2023.[17]  No such motion was filed, but on August 8, 2023, the

parties notified the Court that the case had settled.[18]

On September 28, 2023, the parties filed the instant joint motion for settlement approval,

seeking court approval of six separate settlement agreements—one for each named Plaintiff and

opt-in Plaintiff.  The agreements provide for settlement and dismissal of all claims with

prejudice.  The terms of each of the six agreements are identical, except for the amount of wages

and liquidated damages.  The amount of wages and liquidated damages paid to each employee

was determined based on the relative number of workweeks that they worked in the relevant time

period, rounded to clean numbers.  Each settlement agreement includes a release of that specific

employee's FLSA wage and hour claims.  Additionally, the settlement agreements provide for a

gross sum of $13,000 in attorney's fees and costs.  This amount is equal to $2,166.67 per

Plaintiff, and is reflected in each individual settlement agreement.

---

[15] Docs. 3–6.

[16] Doc. 31.

[17] *Id.* at 3.

[18] Doc. 50.

### III.     Discussion

The Tenth Circuit has approved a two-step approach in FLSA cases to determine whether

plaintiffs are similarly situated for purposes of certifying a collective action.[19]  In the initial

"notice stage," the court "determines whether a collective action should be certified for purposes

of sending notice of the action to potential class members."[20]  The notice stage "require[s]

nothing more than substantial allegations that the putative class members were together the

victims of a single decision, policy, or plan."[21]  At the second step, the district court applies a

stricter standard and reviews several factors to determine whether the opt-in plaintiffs are

similarly situated, including: (1) the disparate factual and employment conditions of the

individual plaintiffs; (2) defenses available to the defendant that are individual to each plaintiff;

and (3) other fairness and procedural conditions.[22]

The District of Kansas has set forth a method for obtaining settlement approval of an

FLSA action "[w]hen putative class members have not yet received notice of the lawsuit and an

opportunity to opt in."[23]  To obtain preliminary approval of a collective action settlement,

"[s]uch a motion should ask the court to: (1) conditionally certify the proposed settlement class;

(2) preliminarily approve the proposed settlement; and (3) approve a proposed notice to the

putative class members."[24]  If these motions are granted and the notice issues, a time period will

---

[19] *See Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1105 (10th Cir. 2001).

[20] *Brown v. Money Tree Mortg., Inc.*, 222 F.R.D. 676, 679 (D. Kan. 2004).

[21] *Thiessen*, 267 F.3d at 1102 (quotation marks and citations omitted).

[22] *Id.* at 1103.

[23] *Christeson v. Amazon.com.ksdc, LLC*, No. 18-2043-KHV, 2019 WL 354956, at *4 (D. Kan. Jan. 29, 2019).

[24] *Shepheard v. Aramark Uniform & Career Apparel, LLC*, No. 15-7823-DDC, 2016 WL 5817074, at *3 (D. Kan. Oct. 5, 2016).

begin for employees to opt in to the lawsuit.[25]  After the opt-in time period expires, "the parties

again may move for final approval of the proposed settlement, the attorney's fee award, and the

service awards."[26]

In this case, the parties seek approval of a settlement prior to any determination of

certification of the collective—either conditionally or finally.  This presents several problems.

As noted above, an FLSA suit does not become a collective action until employees opt in to the

suit.[27]  And the full scope of putative plaintiffs cannot be ascertained if they have not received

notice of the lawsuit, something that can only happen once this Court conditionally certifies the

collective action and approves the notice form.  Moreover, the Court must make a final

certification ruling before approving a collective action settlement.[28]  The Court cannot bypass

the Tenth Circuit's two-step certification process when the case settles early.[29]  Thus, the Court

is unable to grant the parties' joint motion for settlement approval at this time.

In sum, for the reasons detailed above, the Court cannot grant the parties' motion for

settlement approval given the procedural posture of the case.  If the parties wish to proceed with

settlement approval of the collective action asserted in the First Amended Complaint, their

renewed motion must ask the Court to (1) conditionally certify the proposed collective; (2)

preliminarily approve the proposed settlement; and (3) approve a proposed notice to the putative

collective action members.  Upon the expiration of the opt-in period, the parties will need to file

---

[25] *Id.*

[26] *Id.*

[27] *Shepheard*, 2016 WL 5817074, at *1.

[28] *McCaffrey v. Mortg. Sources, Corp.*, No. 08-2660-KHV, 2011 WL 32436, at *3 (D. Kan. Jan. 5, 2011).

[29] *Christeson v. Amazon.com.ksdc, LLC*, No. 18-2043-KHV, 2019 WL 354956, at *4 (D. Kan. Jan. 29, 2019).

a motion seeking final approval of the settlement agreement and address final certification of the

collective action.

**IT IS THEREFORE ORDERED BY THE COURT** that the parties' Joint Motion for

Approval of Settlement Agreements (Doc. 54) is **denied without prejudice**.

**IT IS SO ORDERED.**

Dated: October 11, 2023

<div style="margin-left:50%">

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

</div>