# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT KANSAS
# AT KANSAS CITY

| | | |
|---|---|---|
| DEANNA OAKES, JINGER BAKER, TRICIA WENZL, TAYLOR MCCARTHY, DESIREE HELTON, AND ANDREA RODRIGUEZ,<br><br>Plaintiffs,<br><br>v.<br><br>27 BISCUITS, LLC,<br>CCO, LLC,<br><br>And<br><br>BBR BARRY ROAD, LLC,<br>BBR BRENTWOOD SOUTH, LLC,<br>BBR CORPORATE WOODS, LLC,<br>BBR GLADSTONE, LLC,<br>BBR KICKAPOO CORNERS, LLC,<br>BBR LAWRENCE, LLC,<br>BBR LENEXA, LLC,<br>BBR LIBERTY, LLC,<br>BBR MISSION, LLC,<br>BBR OVERLAND PARK, LLC,<br>BBR PRAIRIE VILLAGE, LLC,<br>BBR RAYMORE, LLC,<br>BBR SANTE FE SQUARE, LLC,<br>BBR SHAWNEE, LLC,<br>BBR ST. JOSEPH, LLC,<br>BBR TODD GEORGE RD, LLC,<br>BBR TOPEKA, LLC,<br>BBR WESTPORT, LLC,<br><br>Defendants. | ))))))))))))))))))))))))))))))))) | Case No. 22-cv-2395 |

1

## THIRD AMENDED COMPLAINT

Plaintiffs Deana Oakes, Jinger Baker, Desiree Helton, Andrea Rodriguez, Tricia Wenzl and Taylor McCarthy ("Plaintiffs") set forth their causes of action against The Big Biscuit Company, LLC and BBR Barry Road, LLC, BBR Brentwood South, LLC, BBR Corporate Woods, LLC, BBR Gladstone, LLC, LLC, BBR Kickapoo Corners, LLC, BBR Lawrence, LLC, BBR Lenexa, LLC, BBR Liberty, LLC, BBR Mission, LLC, BBR Overland Park, LLC, BBR Prairie Village, LLC, BBR Raymore, LLC, BBR Sante Fe Square, LLC, BBR Shawnee, LLC, BBR St. Joseph, LLC, BBR Todd George Rd, LLC, BBR Topeka, LLC, BBR Westport, LLC (hereinafter collectively referred to as Defendants, or "The Big Biscuit," under § 216(b) of the Fair Labor Standards Act ("FLSA") for violations of the FLSA.

Pursuant to Fed. R. Civ. P. 15(a)(2), Defendants consent to this Amendment. Proof of Defendants' written consent is attached as Exhibit 1.

In support thereof, Plaintiffs assert and state as follows:

**PRELIMINARY STATEMENT**

1. Plaintiffs bring this action against Defendants for unpaid minimum wage and overtime compensation, and related penalties and damages.

2. Defendants' policy and practice is to deny minimum wages and overtime pay to servers working at its restaurants. Defendants' failure to pay Plaintiffs their earned wages and overtime compensation violates the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

3. Defendants' practices and policies have resulted in Defendants willfully failing to properly pay straight time and overtime due and owing to Plaintiffs in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

4. Further, Defendants have received the benefits of the Plaintiffs' work and failed to compensate them for the reasonable value of these services.

5. Defendants have claimed the tip credit on Plaintiffs' wages, despite not actually giving them adequate required notice and/or requiring servers to spend more than 20% of their workday/workweek engaged in non-tip-producing activities. Thus, Defendants are in violation of the FLSA and its tip credit requirements, and therefore, have failed to pay Plaintiffs their due minimum wage and overtime as required by the Act.

6. Defendants have failed to pay wages and overtime to Plaintiffs by failing to pay them for all of their compensable time in violation of the FLSA. Plaintiffs seek compensation for unpaid straight time and overtime premiums for all hours worked, required, suffered, or permitted by Defendants; compensation for such wages wrongfully withheld; liquidated and/or other damages as permitted by applicable law; and attorneys' fees, costs, and expenses incurred in this action.

## JURISDICTION AND VENUE

7. This Court has original federal question jurisdiction under 28 U.S.C. §§ 1331 and § 1337.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), inasmuch as the Defendants conduct business, and have substantial business contacts in Johnson County, Kansas, and because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## PARTIES

9. Plaintiff Oakes is a resident of Clay County, Missouri.

10. Plaintiff Baker is a resident of Wyandotte County, Kansas.

11. Plaintiff Wenzl is a resident of Jackson County, Missouri.

12. Plaintiff Helton is a resident of Jackson County, Missouri.

13. Plaintiff McCarthy is a resident of Jackson County, Missouri.

14. Plaintiff Rodriguez is a resident of Jackson County, Missouri.

15. At all relevant times, Plaintiffs were employed as servers for Defendants.

16. 27 Biscuits, LLC, and CCO, LLC are limited liability corporations under the laws of Kansas, with their principal places of business located in the State of Kansas. Upon information and belief, 27 Biscuits and CCO LLC own and operate restaurants in Kansas, Missouri and Oklahoma.

17. BBR Corporate Woods, LLC, BBR Lawrence, LLC, BBR Lenexa, LLC, BBR Mission, LLC, BBR Overland Park, LLC, BBR Prairie Village, LLC, BBR Shawnee, LLC, BBR Topeka, LLC, and BBR Westport, LLC, are entities organized under the laws of Kansas, with their

principal places of business located in the State of Kansas. Upon information and belief, The Big Biscuit, LLC owns and operates BBR Corporate Woods, LLC, BBR Lawrence, LLC, BBR Lenexa, LLC, BBR Mission, LLC, BBR Overland Park, LLC, BBR Prairie Village, LLC, BBR Shawnee, LLC, BBR Topeka, LLC, and BBR Westport, LLC restaurants in Kansas.

18. BBR Barry Road, LLC, BBR Brentwood South, LLC, BBR Gladstone, LLC, BBR Kickapoo Corners, LLC, BBR Liberty, LLC, BBR Raymore, LLC, BBR St. Joseph, LLC, and BBR Todd George Rd, LLC are entities organized under the laws of Missouri, with their principal places of business located in the State of Kansas. Upon information and belief, The Big Biscuit, LLC owns and operates BBR Barry Road, LLC, BBR Brentwood South, LLC, BBR Gladstone, LLC, BBR Kickapoo Corners, LLC, BBR Liberty, LLC, BBR Raymore, LLC, BBR St. Joseph, LLC, and BBR Todd George Rd, LLC restaurants in Missouri.

19. BBR Sante Fe Square, LLC is an entity organized under the law of Oklahoma, with its principal place of business located in the State of Kansas. Upon information and belief, The Big Biscuit, LLC owns and operates BBR Sante Fe Square, LLC restaurant in Oklahoma.

20. Hereinafter, the entities will collectively be referred to as The Big Biscuit, unless otherwise delineated.

21. At all times relevant to this action, The Big Biscuit owned and/or operated restaurants called The Big Biscuit that serve breakfast and lunch cuisine to their customers.

22. At all times relevant to this action, The Big Biscuit entities acted as an integrated enterprise within the meaning of the FLSA.

23. At all times relevant to this action, The Big Biscuit entities shared common ownership, unified operations.

24. At all times relevant to this action, The Big Biscuit entities were engaged in related activities, specifically, the operation of restaurants with common menus, corporate organization, and employment practices and policies.

25. At all times relevant to this action, The Big Biscuit entities have been and continue to be linked by a common business purpose, specifically providing food service to customers.

26. At all times relevant to this action, The Big Biscuit entities have had centralized control over labor relations because of common ownership and control.

27. At all relevant times herein, Defendants operated restaurants in Kansas.

28. At all relevant times, Defendants as the employer of Plaintiffs, are thus liable to Plaintiffs as an employer, joint employer, single employer and/or otherwise according to statutory and common law.

## COUNT I

### Violation of the Fair Labor Standards Act

29. Plaintiffs re-allege the allegations as set forth above.

30. At all times material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq*.

31. The FLSA regulates, among other things, the payment of minimum wage and overtime pay by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

32. Defendants are subject to the minimum wage and overtime pay requirements of the FLSA because each is an enterprise engaged in interstate commerce and its employees are engaged in commerce.

33. At all relevant times, Defendants have been, and continue to be "employers" within the meaning of the FLSA, 29 U.S.C. § 203.

34. At all relevant times, Defendants have employed, and/or continue to employ, "employee[s]," including Plaintiffs.

35. At all times relevant herein, Defendants had gross operating revenues in excess of $500,000.00 (Five Hundred Thousand Dollars).

36. Plaintiffs were employed by Defendants. During this time frame, Plaintiffs performed work for Defendants in the position of servers.

37. During the statutory period, Plaintiffs were paid an hourly wage of $2.13 per hour, and received tips.

38. The FLSA requires employers, such as Defendants, to compensate all non-exempt employees overtime compensation, at a rate of not less than one-and-one-half the minimum wage, for work performed in excess of forty hours in a work week.

39. Plaintiffs are not exempt from the right to receive the Federal minimum wage and overtime pay under the FLSA and are not exempt from the requirement that their employer pay them minimum wage and/or overtime compensation under the FLSA.

40. At all relevant times, Defendants had a policy and practice of failing to properly pay minimum wages because Defendants have violated the rules for using the tip credit, including that it required Plaintiffs to spend more than 20 percent of their time engaged in non-tip-producing activities and/or failed to properly inform them of its intent to take a credit against tipped employees' wages.

41. At all relevant times, Defendants also had a policy and practice of failing to properly pay minimum wages because Defendants had a policy and plan of requiring Plaintiffs to pool their tips with non-tip-earning employees.

42. Defendants' failure to properly compensate Plaintiffs under the tip credit rules and overtime rules constitutes a violation of the Fair Labor Standards Act's minimum wage requirements, 29 U.S.C. §§ 201, *et. seq.*

43. Defendants' violation of the FLSA is continual in nature; in that Defendants continue to pay Plaintiffs under the same unlawful policies and procedures that are set forth in detail herein.

44. Defendants' conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

45. Defendants have acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime described pursuant to Section 16(b) of the FLSA, codified at 29 U.S.C. § 216(b). Alternatively, should the Court find Defendants did not act willfully in failing to pay overtime pay, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

46. As a result of the aforesaid violations of the FLSA's tip credit and overtime pay provisions, proper minimum wage and overtime compensation has been unlawfully withheld by Defendants from Plaintiffs. Accordingly, Plaintiffs seek damages in the amount of all respective unpaid minimum wage and overtime, plus liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, costs, and expenses incurred in this action, to be paid as

provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper,

    **WHEREFORE**, Plaintiffs demand judgment against Defendants and pray this Court:

a.     Award Plaintiffs compensatory and liquidated damages under 29 U.S.C. § 216(b);

b.     Award Plaintiffs pre-judgment and post-judgment interest as provided by law;

c.     Award Plaintiffs attorneys' fees and costs as allowed by Section 216(b) of the FLSA;

d.     Issue a declaration that Defendants have violated state and federal law; and

e.     Award Plaintiffs such other relief as the Court deems fair and equitable.

### Designation of Place of Trial

Plaintiffs hereby designate the place of trial to be the United States District Court for the District of Kansas at Kansas City.

Respectfully submitted,

THE HODGSON LAW FIRM, LLC

/s/ *Michael Hodgson*
Michael Hodgson KS Bar No. 21331
3609 SW Pryor Rd.
Lee's Summit, Missouri 64082
mike@thehodgsonlawfirm.com
(p) 816.600.0117
(f) 816.600.0137