UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS
AT KANSAS CITY

| | |
|---|---|
| DEANNA OAKES, JINGER BAKER, TRICIA WENZL, TAYLOR MCCARTHY, DESIREE HELTON, AND ANDREA RODRIGUEZ,<br>　　　　　Plaintiffs,<br>　　v.<br>27 BISCUITS, LLC,　et al.<br><br>　　　　　Defendants. | Case No. 2:22-cv-02395-JAR-TJJ |

## JOINT RENEWED MOTION FOR APPROVAL OF SETTLEMENT AGREEMENTS

### I.   INTRODUCTION

Plaintiffs Jinger Baker, Deanna Oakes, Tricia Wenzl, Andrea Rodriguez, Desiree Helton, and Taylor McCarthy (collectively "Plaintiffs") and Defendants 27 Biscuits, LLC, and all other named defendants (collectively "Big Biscuit") hereby jointly move for the Court's review and approval of the settlement and release agreements between Plaintiffs and Big Biscuit, and for entry of a stipulated order dismissing with prejudice all claims in this action pursuant to Fed. R. Civ. P. 41(a)(1)(ii), with each party to bear, his, her or its own attorneys' fees and costs. The reasons for this Joint Motion are set forth more fully below.

1. Plaintiffs Deanna Oakes and Jinger Baker originally brought this action pursuant to the Fair Labor Standards Act ("FLSA") claiming Big Biscuit violated the FLSA in the operation and utilization of the "tip credit," thus, failed to pay the Plaintiffs minimum wage. Big Biscuit denies their allegations and asserts that it properly claimed a tip credit against their wages in compliance with the law.

2. The remaining four Plaintiffs filed opt-in notices to join this case, and asserted identical allegations to that of Oakes and Baker as named Plaintiffs. Big Biscuit similarly denies those allegations.

3. As discovery progressed, the Plaintiffs decided to not pursue the case on a collective basis, and have amended the operative complaint accordingly.

4. The Parties entered into agreements which provide for settlement and dismissal of all claims brought by the Plaintiffs, with prejudice.

5. The terms of each of the six settlement agreements between the Plaintiffs and Big Biscuit are identical, except for the amount of wages and liquidated damages components.

6. The amount of wages and liquidated damages paid to each plaintiff was determined based on the relative number of workweeks that they worked in the relevant time period, rounded to clean numbers.

7. Each "Agreement" has been reduced to writing, and a fully executed copy of each is attached as Exhibits A-F.

8. Pursuant to the terms of these Agreements, Big Biscuit has offered to pay each Plaintiff as follows:

   1. $4,500 to Deanna Oakes, divided into equal portions for wages and liquidated damages. Oakes's employment period spanned 179 workweeks in the maximum statutory period.

   2. $4,500 to Jinger Baker, divided into equal portions for wages and liquidated damages. Baker's employment period spanned 161 workweeks in the maximum statutory period.

   3. $4,500 to Tricia Wenzl, divided into equal portions for wages and liquidated damages. Wenzl's employment period spanned 171 workweeks in the maximum statutory period.

   4. $3,000 to Desiree Helton, divided into equal portions for wages and liquidated damages. Helton's employment period spanned 95 workweeks in the maximum statutory period.

   5. $1,000 to Andrea Rodriguez, divided into equal portions for wages and liquidated damages. Rodriguez's employment period spanned 11 workweeks in the maximum statutory period.

   6. $1,000 to Taylor McCarthy, divided into equal portions for wages and liquidated damages. McCarthy's employment period spanned 43 workweeks in the maximum statutory period.

**MEMORANDUM OF LAW**

Principally, the Plaintiffs adopt and incorporate their original Motion for Settlement Approval (Doc. 54) as if set forth fully herein. The remainder of the arguments and authorities address the Court's denial of the parties' putative settlement without prejudice (Doc. 55).

**I. Each individual settling has both consented to join the litigation and individually reviewed and approved their settlement agreement with the assistance of retained and experienced counsel and thus notice is not necessary.**

The six settling party plaintiffs have voluntarily consented to join the litigation. Each of the party plaintiffs has agreed to resolve the litigation. The six party plaintiffs do not seek collective action certification, but rather, to resolve each of their claims individually.

This case can be differentiated from *Christeson v. Amazon.com.ksdc, LLC*, No. CV 18-2043-KHV, 2019 WL 354956, at *5 (D. Kan. Jan. 29, 2019). In *Christeson*, the parties attempted to secure the court's approval of stipulated settlement terms *prospectively*, so that any plaintiff who would *later* join the case after receiving notice of the action would be bound by those terms. Although that process may work in Rule 23 actions, the court correctly noted that it is inappropriate in the context of FLSA collective actions.

Here, the parties are not attempting to do what the *Chisteson* plaintiffs tried. Instead, the Settlement Agreements (Exhibits A-F) apply exclusively to the plaintiffs who have already consented to join this case and agreed to the terms of their individual settlements. The parties do not wish to litigate this action with anyone else, and accordingly, will not attempt to bind any non-parties to any settlement terms.

**II. By settling individually, Plaintiffs have abandoned their collective action allegations and notice is not necessary.**

5

In abandoning their collective action allegations, Plaintiffs are solely part of the litigation on an individual basis. Accordingly, notice is not necessary, because in this instance, each of the settling plaintiffs has both individually joined the litigation and made their own determination about whether to resolve the claims on behalf of themselves individually. And each of the plaintiffs has individually reviewed and signed settlement agreements which reflect this.

### III. Under the FLSA, individuals consenting to join the litigation become "party plaintiffs," which is effectively a joinder in the litigation.

The effect of consenting to join litigation is that each individual voluntarily consents to become a party plaintiff in the litigation. Procedurally, this effectively joins them in the litigation. Under Rule 20, multiple Plaintiffs may join an action if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action. Fed. R. Civ. P. 20.

In the context of the FLSA, no court action or certification order is necessary for any number of "opt-ins" to consent to join the action and become "party plaintiffs." *See Turner v. Chipotle Mexican Grill, Inc.*, 123 F. Supp. 3d 1300, 1306 (D. Colo. 2015).

"Opt-in" plaintiffs who consent to join the action remain party plaintiffs unless they are dismissed from the action. *Id.*

Here, all plaintiffs (both "named" and "opt-in") filed consents to join the case. Accordingly, they remain party plaintiffs to the action, whether or not any "certification" decisions have been made.

6

In fact, as a matter of precaution, each plaintiff has now formally been added as a Named Plaintiff to the action via the Third Amended Complaint. And the Third Amended Complaint makes clear that the action is *not* being pursued as a collective action.

## CONCLUSION

As previously articulated in Doc. 54, the settlement presented is an immediate, real, substantial, and fair settlement. Claimants, therefore, respectfully request that the Court approve the Settlement Agreements as provided in Exhibits A-F in their entirety.

| | |
|---|---|
| /s/ Michael Hodgson<br>Michael Hodgson, KS Bar No. 21331<br>The Hodgson Law Firm, LLC<br>3609 SW Pryor Rd.<br>Lee's Summit, Missouri 64082<br>mike@thehodgsonlawfirm.com<br>(p) 816.600.0117<br>(f) 816.600.0137<br><br>Attorneys for Defendants | /s/ Michael L. Blumenthal<br>Michael L. Blumenthal, KS Bar #18582<br>SEYFERTH BLUMENTHAL & HARRIS LLC<br>4801 Main Street, Suite 310<br>Kansas City, MO 64112<br>Telephone:   (816) 756-0700<br>Facsimile:    (816) 756-3700<br>Email: mike@sbhlaw.com<br><br>James J. Swartz (admitted pro hac vice)<br>Alexander Simon (admitted pro hac vice)<br>Ariel D. Fenster (admitted pro hac vice)<br>SEYFARTH SHAW LLP<br>1075 Peachtree Street, N.E. Suite 2500<br>Atlanta, GA 30309<br>Telephone:   404-888-1500<br>Facsimile:    404-724-1575<br>Email: jswartz@seyfarth.com<br>asimon@seyfarth.com<br>afenster@seyfarth.com<br>Attorneys for Defendants |