# Exhibit B

**SETTLEMENT AGREEMENT AND RELEASE OF WAGE AND HOUR CLAIMS**

This Settlement Agreement and Release of Claims ("Settlement Agreement" or "Agreement") is entered into by 27 Biscuits, LLC ("Big Biscuit") and Jinger Baker ("Baker") (collectively, the "Parties") in *Oakes et al v. 27 Biscuits, LLC et al*, No. 1:22-cv-02395 (the "Lawsuit"), which was filed in the United States District Court for the District of Kansas (the "Court") on or about October 3, 2022, and subsequently amended.

**RECITALS**

WHEREAS, Baker, together with certain other co-plaintiffs (collectively, "Plaintiffs"), filed the Lawsuit under 29 U.S.C. § 201 of the Fair Labor Standards Act ("FLSA") and various state wage and hour laws against Big Biscuit on October 3, 2022;

WHEREAS, in the Lawsuit, Plaintiffs assert claims that they were not paid the applicable minimum wage and overtime pursuant to FLSA and other state, and/or common law theories;

WHEREAS, Big Biscuit denies all claims and material allegations made by Baker the Lawsuit, and maintains that it properly paid Plaintiffs, including Baker, all wages and overtime owed to her under the FLSA, any potentially applicable state and common law doctrines;

WHEREAS, the Parties recognize that the outcome in the Lawsuit is uncertain and that achieving a final result through litigation would incur substantial additional risk, discovery, time, and expense;

WHEREAS, Baker's counsel investigated and evaluated the facts and law relating to the claims asserted in the Lawsuit to determine how best to serve the interests of Baker and believe, in view of the costs, risks, and delay of continued litigation balanced against the benefits of settlement, that the settlement as provided in this Settlement Agreement is in the best interests of Baker;

WHEREAS, Baker and Big Biscuit believe that the settlement provided in this Settlement Agreement represents a fair, reasonable, and adequate resolution of the Baker's claims in the Lawsuit; and

WHEREAS, the Parties have agreed to settle this case.

NOW THEREFORE, the Parties, intending to be legally bound and in consideration of the mutual covenants and other good and valuable consideration set forth below, agree as follows:

**AGREEMENT**

**1.      No Admission of Liability**

A.      By agreeing to this Settlement Agreement, Big Biscuit admits no liability of any kind and expressly denies any liability or wrongdoing. The Parties also agree that this Agreement does not constitute a determination or admission that Baker's individual claims have any merit or

that any group of similarly situated people exist to maintain a collective or class action under the FLSA, state wage and hour laws, or any related laws.

      B.      The Parties and their counsel agree never to present, reference, or allude to this Agreement; any discussions, negotiations, or circumstances relating to this Agreement; or the resolution of the Lawsuit in any forum and for any purpose—including, but not limited to, any litigation, dispute, arbitration, or other proceeding or matter involving Big Biscuit or any other Released Parties (as that term is defined in Section 3, below)—except to the extent necessary in an action brought by Baker or Big Biscuit to enforce the terms of this Agreement.

**2.**      **Court Approval of Settlement**

      A.      **Court Approval**. The Settlement Agreement is contingent upon Court approval of this Agreement and dismissal of the Lawsuit with prejudice. Big Biscuit agrees not to oppose Baker's application for fairness approval with the Court, which must be filed by Baker within 15 business days after full execution of this Agreement. Baker shall provide a draft of the fairness submission for Big Biscuit's review, revision, and approval at least three (3) business days before filing the same with the Court.

      B.      **Cooperation and Mutual Pursuit of Approval**. If the Court rejects the Settlement Agreement in whole or in part in a manner that is not contemplated or accounted for in this Agreement, the Parties agree to engage in good faith follow-up negotiations with the intent to resolve any of the Court's concerns that led to rejection. The Parties agree that if approval is denied, the Parties will work in good faith to address any deficiencies the Court identifies and seek Court approval again.

**3.**      **Release of Claims**

Baker agrees to release any and all FLSA and state law wage and hour claims against Big Biscuit (including its parent, its and their subsidiaries and affiliates, any other defendants named at any point in the Lawsuit, and their respective owners, directors, managers, and employees (together with Big Biscuit, the "Released Parties")) that arose or could have arisen because of Baker's employment by Big Biscuit as an employee, including (but not limited to) through the termination of her employment ("Released Claims"). The Parties agree that participation in the lawsuit or the settlement has no res judicata, claim-splitting, or other claim preclusion effect on anything other than Released Claims. Baker is not aware of any claims she may have against Big Biscuit or any other Released Parties that she did not raise in the Lawsuit.

**4.**      **Covenant Not to Sue**

      A.      Baker agrees not to assert Released Claims by suing or joining suit against Big Biscuit or any of the other Released Parties in any individual, class, or collective action.

      B.      If Baker sues Big Biscuit or any other Released Parties in violation of this Agreement, or if Baker becomes a collective or class action member in any lawsuit asserting Released Claims and fails to immediately withdraw from such action upon written notice from Big Biscuit: (i) Baker shall be required to pay Big Biscuit's reasonable attorney fees and other litigation costs incurred in defending against her suit; or alternatively (ii) Big Biscuit can require Baker to

return all but $100.00 of the money and benefits provided to her under this Agreement. In that event, Big Biscuit shall be excused from any remaining obligations that exist solely because of this Agreement.

**5.       Consideration Paid by Big Biscuit**

        A.      In consideration for the entry of the dismissal of the Lawsuit with prejudice, as well as the Released Claims effected by this Agreement, Big Biscuit agrees to pay Baker the gross sum of $6,666.67 (the "Settlement Payment") to be apportioned as follows:

                i.      $ 2,250.00, minus applicable deductions and withholdings, for alleged back wages by check made payable to Jinger Baker. Big Biscuit will issue an IRS Form W-2 to Baker reflecting this payment.

                ii.     $2,250.00 for alleged non-wage compensatory damages and other non-wage monetary recovery or relief by check made payable to Jinger Baker. Big Biscuit's receipt of an IRS Form W-9 completed and executed by Baker is a condition precedent to this payment. Big Biscuit will issue an IRS Form 1099 to Baker reflecting this payment.

                iii.    $2,166.67 for attorney fees and costs, by check made payable to The Hodgson Law Firm, LLC. Big Biscuit's receipt of an IRS Form W-9 completed and executed by The Hodgson Law Firm, LLC is a condition precedent to this payment. Big Biscuit will issue an IRS Form 1099 to Baker and to her counsel reflecting this payment.

        B.      Big Biscuit will report the payments above to the IRS as set forth above and required by law.

        C.      Baker acknowledges that she has not relied on any statements or representations by Big Biscuit or its attorneys with respect to the tax treatment of the payments described in this section. If any taxing body determines that the tax treatment was incorrect and that greater amounts should have been withheld from any payment above (or any part thereof), Baker acknowledges and assumes all responsibility for paying those amounts and any interest and penalties thereon.

**6.       Timing of Payment**

        Big Biscuit will deliver the Settlement Payment to Baker's counsel within fifteen (15) days after completion of each of the following events: (i) Baker executes this Settlement Agreement and provides Big Biscuit with a copy of the executed Agreement and the tax forms described in Section 5.A; (ii) Baker files a stipulation of dismissal with prejudice; and (iii) the Court approves this Agreement, dismisses the case with prejudice, and the judgment entered becomes a final, non-appealable order.

**7.     Attorneys' Fees and Costs**

Big Biscuit will not oppose Baker's counsel's request in the fairness application of an award of attorney fees and costs in the amount set forth in Section 5.A.iii. This Settlement Agreement is not conditioned, however, upon the Court's approval of the fees and costs set forth in Section 5.A.iii and requested in the fairness application.

**8.     Continuing Jurisdiction**

The Parties agree to request that the Court retain continuing and exclusive jurisdiction over enforcing the Settlement Agreement.

**9.     Blank Section**

[This section intentionally left blank].

**10.    Choice of Law**

The enforcement of this Agreement shall be governed and interpreted by and under the laws of the State of Kansas whether or not any party is, or may hereafter be, a resident of another state.

**11.    Extensions of Time**

The Parties may, by mutual agreement, agree upon a reasonable extension of time for deadlines and dates reflected in this Settlement Agreement, without further notice to the Court, except to the extent prohibited by the Court.

**12.    No Waivers, Modifications, or Amendments of the Settlement Agreement**

No waiver, modification or amendment of this Settlement Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all parties and then only to the extent set forth in such written waiver, modification or amendment, subject to any required Court approval. Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of all of the provisions of this Agreement.

**13.    Severability**

This Agreement shall be deemed severable, and the invalidity or unenforceability of any one or more of its provisions shall not affect the validity or enforceability of any of the other provisions, except for Section 3 (Release of Claims) and Section 4 (Covenant Not to Sue), which are material provisions of the Agreement for Big Biscuit, the rejection or breach of which shall render the Agreement voidable in Big Biscuit's discretion.

**14.     Entire Agreement**

This Settlement Agreement constitutes the entire agreement of Big Biscuit and Baker concerning its subject matter. All prior and contemporaneous negotiations and understandings between Big Biscuit and Baker are deemed merged into this Settlement Agreement, with the exception that this Settlement Agreement shall have no effect on or be affected by any prior settlement or other agreement entered into between Big Biscuit and Baker regarding payment for all or part of any claims released herein.

**15.     Counterparts**

This Settlement Agreement shall become effective upon its execution, subject to subsequent dismissal of the Lawsuit with prejudice. The parties may execute this Settlement Agreement in counterparts, and execution in counterparts shall have the same force and effect as if Baker and Big Biscuit had signed the same instrument. Any signature or e-signature made by the signing party and transmitted by facsimile, email, or electronic signature (via DocuSign, SignNow, or similar e-signing service) to execute this Settlement Agreement shall be deemed an original signature for purposes of this Settlement Agreement and shall bind the signing party.

**16.     Corporate Signatories**

Each person executing this Settlement Agreement on behalf of any party hereto warrants that such person has the authority to do so, subject to applicable court approval. Any person executing this Settlement Agreement on behalf of a corporate signatory hereby warrants and promises for the benefit of all parties hereto that such person is duly authorized by such corporation to execute this Settlement Agreement.

[*Remainder of Page Intentionally Blank; Signature Page Follows*]

By my signature below, I affirm that I have read, and that I fully understand, the foregoing Settlement Agreement, including (but not limited to) its release of claims. I affirm, further, that I have been provided sufficient time to review the Agreement, that I have been advised to consult with legal counsel of my choice before executing the Agreement, and that I have done so.

| JINGER BAKER | For 27 Biscuits, LLC |
|---|---|
| *Jinger Baker* (signature) | *Chad Offerdahl* (signature) |
| Signature | Signature |
| JINGER BAKER | President |
| Name (print) | Title |
| 09/08/23 | 9/25/2023 |
| Date | Date |

6

97992095v.1